**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12878

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUSTIN DEMON LOWERY,
a.k.a. J-Bo,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00200-WFJ-LSG-3

————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Justin Lowery pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and a mixture

and substance containing fentanyl, and the district court imposed a below guidelines sentence of 220 months.  He argues on appeal that the district court violated his due process rights when it permitted the government to call a law enforcement witness at sentencing even though the government failed to give the defense prior notice of the witness.  Lowery acknowledges that his plea agreement contained a sentence-appeal waiver, but he contends that it does not bar his appeal because the district court stated at sentencing that he had a right to appeal.[1]  The government moves to dismiss the appeal based on the sentence-appeal waiver.  After review, we conclude that the sentence-appeal waiver is valid and

---

[1] Lowery acknowledges that his position that comments at sentencing may alter a sentence-appeal waiver is contrary to our precedent in *United States v. Bascomb*, 451 F.3d 1292 (11th Cir. 2006).  Nevertheless, he requested that we hold his appeal in abeyance because there was a circuit split on this issue and the United States Supreme Court had granted certiorari in *Hunter v. United States* (24-1063), which, in part, raised the question of whether an appeal waiver applies where the district court advises the defendant that he has a right to appeal and the government fails to object.  We granted his request and held this appeal in abeyance pending the Supreme Court's decision in *Hunter*.  That case has now been decided.  *See Hunter v. United States*, 608 U.S. __, 2026 WL 1751815 (June 18, 2026).

Lowery also requested that we hold his appeal in abeyance pending the Supreme Court's decision on a petition for a writ of certiorari in *Chaney v. United States* (No. 24-6543).  The Supreme Court, however, granted that petition, vacated the judgment, and remanded for reconsideration in light of its recent *Hunter* decision.  *Chaney v. United States*, No. 24-6543, 2026 WL 1855041 (U.S. June 29, 2026).  Therefore, there is no longer a basis for abeyance.

enforceable and bars Lowery's claim.  Therefore, we grant the government's motion to dismiss.

Lowery's plea agreement contained the following sentence-appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range *as determined by the Court* pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis in original).  Lowery initialed each page of the agreement and signed the plea agreement, including the certification that he read and fully understood the terms of the agreement.  At the change-of-plea hearing, the magistrate judge specifically reviewed the sentence-appeal waiver with Lowery and

explained the four exceptions to the appeal waiver.[2]   Lowery confirmed that he understood.   The magistrate judge found Lowery knowingly and voluntarily entered his guilty plea and recommended that the district court accept the plea, which the district court did.

At sentencing, neither party objected to the presentence investigation report ("PSI"), and the district court adopted it. However, Lowery objected to the government's calling the case agent in the investigation David Miller as a witness, arguing that the defense never received notice that the government intended to call any witnesses.   The district court overruled the objection. Agent Miller then provided testimony about communications that he intercepted during the investigation between Lowery and others concerning drugs.   After hearing additional arguments from the parties, the district court imposed a below-guidelines sentence of 220 months' imprisonment.[3]   Lowery renewed his objection to Agent Miller's testimony, arguing that due to the lack of notice, he was not prepared to conduct an adequate cross-examination.   The district court explained that the sentence was based solely on the unobjected to facts in the PSI, and it did not rely on anything that Agent Miller testified to at the sentencing hearing.   The district

---

[2] Lowery consented to a magistrate judge conducting the change-of-plea hearing.

[3] Lowery's guidelines range was 262 to 327 months' imprisonment.   The government requested a sentence of 262 months, and Lowery requested a downward variance to the mandatory minimum of 180 months.

court then explained that, "to the extent permitted by your plea agreement, Mr. Lowery, you have 14 days to appeal from this sentence." And at the end of the sentencing hearing, the district court again stated that "there's a 14-day notice requirement for appeal."

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

While this case was pending appeal, the Supreme Court squarely rejected the contention that a district court's statement at sentencing that the defendant had a right to appeal could negate an otherwise knowing and voluntary appeal waiver, even when the government fails to object to the district court's erroneous statement. *Hunter v. United States*, 608 U.S. ___, 2026 WL 1751815, at *6 (June 18, 2026). Nevertheless, the Court held that a knowing and voluntary appeal waiver is not enforceable if it "would result in a miscarriage of justice." *Id.*, at *8. The miscarriage of justice rule "sets a high bar: The waiver may be set aside only if the

sentence is marred by the kind of egregious error that would bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make." *Id.*

Here, Lowery does not challenge the knowing and voluntary nature of his appeal waiver. Nor could he as his plea colloquy establishes that the magistrate judge specifically questioned him about the waiver and that Lowery entered the waiver knowingly and voluntarily. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Thus, the waiver is valid and enforceable, and the district court's statements at sentencing regarding the right to appeal did not affect the validity of the waiver. *Hunter*, 2026 WL 1751815, at *6; *see also United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (holding that a sentence-appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing").

We note that Lowery does not argue that enforcement of the appeal waiver would result in a miscarriage of justice. And his sole claim on appeal—that the district court violated his due process rights when it permitted the government's witness to testify at sentencing even though the government failed to give the defense advance notice of the witness—does not meet the high bar for the miscarriage of justice exception. *See Hunter*, 2026 WL

1751815, at *8 (explaining that the miscarriage of justice rule "sets a high bar: The waiver may be set aside only if the sentence is marred by the kind of egregious error that would bring the judicial system into disrepute. The error must be obvious—not one a judge could reasonably make"). Indeed, it is unclear how Lowery could argue that he satisfies the exception when the district court stated that it did not consider the officer's testimony in making its sentencing decision.

Accordingly, the sentence-appeal waiver is valid and enforceable, and we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**